## No. 458

### LINES v. EGBERT

Ohio Appeals, 3rd Dist., Seneca Co.

No. 183.   Decided April 13, 1927

891.   PARTNERSHIP—A partner, in the absence of an agreement for compensation, is not entitled to charge for services rendered in discharging his duties as a member of the firm.

225.   CHARGE TO JURY—Charge stating that partner can recover reasonable worth of services under implied contract is erroneous.

**First Publication of this Opinion**

HUGHES, J.

C. H. Lines brought an action in the Seneca Common Pleas to recover on a note in the sum of $500, made by Dan Egbert.   Egbert filed a cross-petition alleging that he and the plaintiff were partners in the farming business, each owning an undivided one-half interest in 120 acres of farm land; and that by virtue of an express contract between them, defendant was to receive $200 annually which was to be credited on said note; and that in the discharge of said contract, he had performed his part to be performed for three years and that there was then due defendant from Lines, $600.

Trial resulted in a verdict in favor of defendant for the balance.   Upon error proceedings, Lines claimed that the verdict was against the weight of the evidence; that the court erred in admitting evidence of Egbert's wife concerning his work on the partnership farm; and that the court erred in its charge to the jury.   The Court of Appeals held:

1.   Mrs. Egbert was permitted to testify that she had, on various occasions, seen her husband working with some of his own machinery on this farm; that she had seen him leave his own farm, together with a hired man and at time alone, to go to the partnership farm and work.

2.   Her testimony was in relation to facts within her own knowledge and disclosed nothing that could be considered confidential information concerning acts done by her husband springing out of the marriage relation and which would by reason of that relation, have been excluded at common law.   Bean v. Green 33 OS. 444.

3.   The claim of defendant was based upon an express contract; but the court submitted to the jury the issue of implied contract.   That is to say after instructing the jury in regard to finding for plaintiff on his express contract, he the ninstructed them that "if you find - - - that the defendant is entitled to be paid under an implied contract then you may allow him under such implied contract what such services were fairly and reasonably worth."

4.   As the parties herein were partners in this transaction, there can be no recovery on an implied contract for services rendered in the partnership affairs by one partner, and therefore this portion of the charge was erroneous.

5.   A partner, in the absence of an agreement for compensation is not entitled to charge for services rendered in discharging his duties as a member of the firm.   Cameron v. Francisco, 26 OS. 190.

6. Nor will assumsit lie in favor of one partner against the other on an implied promise, except for a liquidated balance, either struck by the parties or the result of a final adjustment of the partnership concern.

Judgment reversed and cause remanded.

(Crow & Justice, JJ., concur.)

Attorneys—Frank T. Dore for Lines; Geo. E. Schroth for Egbert; all of Tiffin.